**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 97-40195**
**Summary Calendar**
_____

**THOMAS L. ATCHISON,**

**Plaintiff-Appellant,**

**versus**

**JAMES A. COLLINS, DIRECTOR,**
**TEXAS DEPARTMENT OF CRIMINAL JUSTICE,**
**INSTITUTIONAL DIVISION, ET AL.,**

**Defendants-Appellees.**

_____

**Appeal from the United States District Court**
**for the Eastern District of Texas**
**(9:94-CV-94)**
_____

August 25, 1997

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Thomas L. Atchison, Texas prisoner no. 605353, appeals, _pro se_, the district court's dismissal, pursuant to 28 U.S.C. § 1915(e)(2), of his civil rights complaint. The record shows that no defendant was deliberately indifferent to his Atchison's serious medical needs; therefore, we do not address his contention that the district court erred by dismissing, as time-barred, those claims

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

against certain of the defendants.  *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *Bickford v. International Speedway Corp.*, 654 F.2d 1028, 1031 (5th Cir. 1981).

Atchison's claim that Dr. Ronald Reed denied him medical care is baseless.  Moreover, the district court did not abuse its discretion either by not ordering discovery on the claim of racial discrimination or by dismissing the retaliation claims against Dr. Reed and "John Doe".  *Richardson v. Henry*, 902 F.2d 414, 417 (5th Cir.), *cert. denied*, 498 U.S. 901 (1990), and *cert. denied*, 498 U.S. 1069 (1991); *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986).

Atchison's motions for appointment of counsel, transfer of his retaliation claims, discovery, reinstatement of his complaint, and a hearing on "accrual" are **DENIED**.

The judgment is

*AFFIRMED*.